**Dennis R. CLARK, Petitioner,**

v.

**J. L. SUMNER, Superintendent, Respondent.**

**Civ. A. No. 78–0111.**

United States District Court, D. Virginia.

Sept. 15, 1978.

Arthur P. Strickland, Mundy & Garrison, Roanoke, Va., for petitioner.

Steven D. Benjamin, Law Student, Linwood T. Wells, Asst. Attys. Gen., Richmond, Va., for respondent.

## MEMORANDUM OPINION

TURK, Chief Judge.

Petitioner Dennis Ray Clark comes before this court seeking habeas corpus relief for the alleged breach of a plea bargain. On June 16, 1977, petitioner pled guilty in the Circuit Court of the City of Roanoke to statutory burglary and grand larceny. In the negotiations which preceded the plea, it was agreed by the parties that the Assistant Commonwealth's Attorney would recommend a sentence of seven years for each crime to run concurrently, and would return to the court in the future to seek a reduction of the sentence if Clark assisted the government in subsequent prosecutions. The parties also discussed and believed they reached an agreement on the matter of the possible revocation of petitioner's parole time. It is the differing interpretations of this latter agreement that forms the crux of this litigation.

At the time petitioner pled guilty, he was on parole from a prior conviction. During the plea negotiation, petitioner was concerned that a revocation of his parole would impose an additional 45 months on whatev-

er sentence he received. Defense counsel testified that the primary focus of the bargaining sessions was a reduction in the sentences petitioner would receive and that the matter of revocation was the least significant factor discussed. When the negotiations were completed, petitioner believed his parole would not be revoked and the prosecutor and defense counsel understood that the government would make no recommendation of revocation.

On June 30, 1977, two weeks after petitioner plead guilty, petitioner wrote to the trial judge asking to withdraw his plea. The letter clearly reflects petitioner's understanding.

".  .  .  . The bargain was that I would receive a 7 yr. sentence and there would be no revocation of my parole time

.  .  .

I discussed this with my attorney and argued that the courts did not have the authority to offer me this type of deal. He somehow convinced me that the court did have such power to stop this revocation.

This morning I checked this out with a Parole Officer and he verified that what I thought & argued with my attorney about is right. The court does not have such authority.  .  .  .

I feel that my attorney purposely lied to me about this revocation deal and I am bound to withdraw my plead of guilty on conditions that I was mislead into making this plead.  .  .  ."

Petitioner was subsequently transported back to Roanoke for a hearing on the withdrawal of his plea. After conferring with counsel, petitioner determined that withdrawal was no longer necessary. He explained this decision in another letter to the trial judge:

".  .  . I pleaded guilty to (1 B & E & 1 G. L.) charges on plead bargaining conditions. These conditions were that the Commonwealth's Attorney would not revoke my parole for the new conviction facing me.

".  .  . Shortly after I returned [to prison] I talked about this with a parole officer there who told me it was not in the court's power to make such a deal. I believed him instead of my attorney and felt I was mislead into pleading guilty

.  .  .

"As soon as I returned to Roanoke my attorney was here waiting for me. He said I was brought back for a hearing to determine if I could withdraw my plead or not. He also explained & assured me beyond any reasonable doubt that he was in fact right in the first place."

From an analysis of these letters, the court is of the opinion that petitioner's decision not to withdraw his plea was made in the belief that the Assistant Commonwealth Attorney would not revoke his parole time and that the court had authority to enforce such a promise.

On July 26, 1978, a hearing was held in the Circuit Court to consider the withdrawal of the plea and to sentence Clark if the plea remained in effect. During the course of the hearing, the Assistant Commonwealth's Attorney recited the terms of the plea bargain for the record, stating, *inter alia*, that the government would not recommend revocation of any suspended time that the petitioner had on a prior charge. Petitioner concurred with the agreement and decided to adhere to his guilty plea. The court then imposed the promised sentence.

Shortly thereafter, the Parole Board revoked petitioner's parole on the prior conviction. The Commonwealth neither sought nor recommended this revocation. The effect of this action by the Parole Board was to increase petitioner's period of incarceration by 45 months.

In reaching a determination in this case, the court is guided by the well established principle that a plea bargain "must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be ful-

filled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). The court is of the opinion that petitioner's plea bargain was attended by insufficient safeguards, thus entitling petitioner to relief.

Respondent contends that the Commonwealth upheld its part of the agreement insofar as no recommendation was made to the Parole Board with regard to revocation. Counsel for the Commonwealth and the defense both testified that the agreement was so limited. Moreover, the transcript of the hearing reveals that this was the agreement read into the record. Ordinarily, given these factors, respondent would prevail. In this case, however, petitioner's understanding of the plea bargain is clearly demonstrated by his letters to the court. It was his intention to withdraw his plea until he was satisfied that the court could enforce an order prohibiting revocation. Whatever understanding the court and counsel for the parties shared among themselves, the letters evidenced a contrary belief on the part of petitioner. Since the letters were available to the court and counsel and presumably had been read by each, it was incumbent upon them to inquire into petitioner's misconception and affirmatively determine that his understanding was consistent with theirs. No attempt was made to probe the belief expressed in those letters.

The record and testimony in this case indicate that petitioner's misunderstanding of the terms of the agreement originated in the negotiations which preceded the plea. It is unnecessary to attribute fault to any one of the attorneys involved since there remains the serious question of whether the guilty plea was knowingly and voluntarily made. *See Blacklege v. Allison*, 431 U.S. 63, 75 n. 8, 97 S.Ct. 1621, 52 L.Ed.2d 736 (1977), *aff'g* 533 F.2d 894 (4th Cir. 1976). The crucial fact is that petitioner's belief formed a significant part of the inducement to enter a plea of guilty. *United States v. Hammerman*, 528 F.2d 326 (4th Cir. 1975). By his letters, he revealed to the court and to counsel that he held certain expectations and no effort was undertaken to dispel them. Were this simply a matter of con-

tract law, a contract would have been formed on petitioner's terms since the other parties had reason to know of his mistake; certainly a criminal defendant is entitled to at least similar standards of fairness when contracting for his liberty. The fact that the prosecution lacked the power to implement such a bargain is immaterial. *United States v. Hammerman, supra.* Petitioner placed all concerned on notice of his understanding and their failure to correct the matter rendered the plea involuntary. A guilty plea so induced cannot be permitted to stand.

Accordingly, the petition for habeas corpus is hereby granted. Respondent may elect to enforce the plea bargain according to petitioner's understanding or to re-arraign and retry him. An appropriate order will this day be entered.